Weaver, J.
(concurring in part and dissenting in part). I concur with the majority to the extent that it reverses the trial court’s decision to deny defendant’s motion for directed verdict regarding plaintiff’s noneconomic damages. As stated by Judge Sawyer, who concurred in part and dissented in part on the Court of Appeals panel below, “plaintiff failed to present any ‘specific and definite evidence of mental anguish, anxiety or distress’ as she was required to do.”[1]
However, I disagree with the majority conclusion that plaintiff failed to establish a causal nexus between her pregnancy and the adverse employment action.[2] Although plaintiff was told that if she went on long-term disability, the account representative job was “not possible,” she was also reassured by defendant’s management employees that she need not worry about her job opportunity. Indeed, she was given the impression that her future transfer to bcbsm was essentially an administrative matter. The record reveals that she was told that bcbsm “did not want to absorb the medical disability at that time . . . they wanted [her] to take the disability benefits through Blue Care Network and then once [she] was—six weeks after [she] had her child and returned to work [she] would be transferred to Blue Cross and Blue Shield . ...” In my view, this evidence provides a rea *142 sonable inference that the defendant’s failure to hire plaintiff was causally connected to her pregnancy.
Regarding defendant’s remaining issues on appeal, I would affirm the result and reasoning of the Court of Appeals majority.

 Unpublished opinion per curiam, issued March 9, 2001 (Docket No. 212788), quoting Wiskatoni v Michigan Nat’l Bank-West, 716 F2d 378, 389 (CA 6, 1983).

 As noted by the majority, ante at 132 n 5, the Court of Appeals mischaracterized plaintiffs claim as wrongful discharge rather than failure to hire.